IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                         Criminal No. 3:08CR325

ANTONY JERMART MIFFIN

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on October 9, 2012, the Court denied a motion under 28 U.S.C. § 2255 filed by Anthony Jermart Miffin. On June 17, 2014, Miffin filed another 28 U.S.C. § 2255 Motion. (ECF No. 182.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because the Fourth Circuit has not authorized this Court to entertain Miffin's successive § 2255 motion, the § 2255 Motion

(ECF No. 182) will be dismissed for want of jurisdiction.[1] The Court will deny a certificate of appealability.[2]

The Clerk is directed to send a copy of this Memorandum Opinion to Miffin and counsel for the United States.

Date: August 5, 2014
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

[1] Miffin also requests, in the alternative, that the Court consider his current request for relief as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court lacks jurisdiction to do so. Judicial review of a § 2241 petition must be sought in the district of confinement rather than the sentencing court. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Miffin fails to satisfy this standard.

2