

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08CR325-4

ANTHONY JERMART MIFFIN

       Defendant.


### MEMORANDUM OPINION


       This matter is before the Court on Defendant's MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Docket No. 196). For the reasons stated below, Defendant's MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Docket No. 196) will be denied.

       In 2008, Defendant Anthony Jermart Miffin ("Miffin") pled guilty to distributing crack cocaine. (Def.'s Mtn. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Docket No. 196, 1) ("Def.'s Mtn."). The Pre-Sentence Report and the Court concluded that Miffin qualified for a sentencing enhancement as a career offender. Id. The predicate offenses for the career offender designation were (1) attempted murder and (2) distribution of marijuana and possession with intent to distribute heroin. Attempted murder was classified as a crime of violence under the residual clause of the career offender guidelines, U.S.S.G. § 4B1.1. Id. After sentencing, Miffin completed his direct appeal,

1

sought (and was denied) 28 U.S.C. § 2255 relief, and sought (and was denied) a certificate of appealability. (United States' Response to Motion Under 18 U.S.C. § 3582(c)(2), Docket No. 199, 1) ("Gov't's Opp.").

Miffin now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mtn. 1). Miffin might be eligible for a § 3582(c)(2) reduction (a "crack reduction") except that he was classified as a career offender, and career offenders are ineligible for such reductions. Defendant attempts to work around this limitation by arguing that, in light of Johnson v. United States, 135 S.Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act unconstitutionally vague) and Welch v. United States, 136 S. Ct. 1257 (2016) (holding Johnson retroactive on collateral appeal), his classification as a career criminal was improper, and that consequently he is now eligible for a § 3582(c)(2) crack reduction.

Miffin's motion, reduced to its essentials, states that career offenders are not eligible for § 3582(c)(2) reductions, but Miffin should no longer be considered a career offender (and thus should be eligible for a § 3582(c)(2) reduction) because: (1) the Supreme Court's decision in Johnson that the "residual clause" of the ACCA is unconstitutionally vague also makes the "residual clause" of U.S.S.G. § 4B1.1's career offender

designation unconstitutionally vague; and (2) <u>Johnson</u> is retroactive on collateral appeal, such that the unconstitutionality of § 4B1.1's residual clause is probably retroactive on collateral appeal;[1] in light of which (3) an underlying offense must categorically qualify as a crime of violence under § 4B1.1's "force clause" to serve as a qualifying predicate offense; and (4) attempted murder (one of Miffin's two predicate offenses) is not categorically a crime of violence under § 4B1.1's "force clause" because murder may be conducted through non-violent means. (Def.'s Mtn. 3-10). Miffin must prevail on each of these points to throw off his career offender status and be eligible for § 3582(c)(2) relief.

The Government raises an additional hurdle, arguing (5) that § 3582(c)(2) is an inappropriate place to raise claims for relief based on any legal theory other than amendments to the drug weight portions of the Guidelines. The parties primarily contest steps (4) and (5): whether attempted murder is categorically a crime of violence under § 4B1.1's force clause so that Miffin is still properly considered a career offender

---

[1] Miffin completed his direct appeal, was denied on his § 2255 collateral appeal, and was denied a certificate of appealability. As such, his case is governed by the rule that he is only entitled to a successive petition if his case has been affected by a retroactively applicable rule. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

after Johnson, and whether § 3582(c)(2) is an appropriate mechanism for raising Johnson-related issues.[2]

For the reasons stated below, the Court agrees with the Government that § 3582(c)(2) is an inappropriate mechanism for Miffin to raise his claims, which are more appropriately addressed through the vehicle of a 28 U.S.C. § 2255 motion.

To quote the Government's position,

> a career-offender is not eligible for a sentence reduction under Amendment 782. The limitations on relief under a retroactive amendment are set forth in U.S.S.G. § 1B1.10, and that guideline remains binding under … § 3582(c)(2). See Dillon v. United States, 560 U.S. 817 (2010). And "a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has the effect of lowering the defendant's applicable guidelines range." United States v. France, 2016 WL 373770, *1 (4th Cir. Feb. 1, 2016) (unpublished) .... As a result, "A district court lacks the authority to grant a § 3582(c)(2) motion for a reduced sentence under Amendment 783 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline." Id.

(Gov't's Opp. 1-2) (emphasis added). In other words: § 3582(c)(2) is not the proper procedural tool for Miffin to challenge his career offender designation, and Miffin must instead challenge his designation under the collateral appeal vehicle of 28 U.S.C. § 2255.

---

[2] The Government also contested the retroactivity of Johnson. That argument was mooted by Welch.

4

The Court agrees that § 3582(c)(2) is only intended to provide relief for defendants whose sentences would be lower because of amendments to crack cocaine weight sentencing. If Defendant is entitled to the relief that he seeks (a sentence reduction) it would be because he cleared a predicate hurdle that, because of Johnson, he is not a career criminal. That is, if Miffin is eligible for a sentence reduction, it is not because of an amendment to the Guidelines: it is because Johnson announced a watershed rule of civil procedure that is retroactively applicable on collateral appeal. Welch, 136 S. Ct. at 1257. Because "a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has the effect of lowering the defendant's applicable guidelines range," France, 2016 WL 373770, *1 (emphasis added), Miffin is not eligible for relief under § 3582(c)(2).

Having determined that Miffin's motion is procedurally deficient, the Court declines to reach the merits-based arguments in Miffin's papers. Miffin's Johnson-related arguments would be more properly raised in a § 2255 motion. If Miffin succeeds on his § 2255 motion (e.g., if the court were to find that he is not a career offender in the post-Johnson world) and thus removes his career offender designation in that proceeding, then Miffin may bring a § 3582(c)(2) motion based solely on amendments to the drug weight portions of the Guidelines.

For the reasons stated above, Defendant's MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Docket No. 196) will be denied.

_____ /s/          *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:   April 2, 2016

6